Citation Nr: 1513885 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 12-29 040 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Paul, Minnesota


THE ISSUE

Entitlement to a total disability rating based on individual unemployability due to service-connected disability (TDIU).


REPRESENTATION

Appellant represented by: John R. Worman, Attorney At Law


ATTORNEY FOR THE BOARD

Tahirih S. Samadani, Counsel


INTRODUCTION

The Veteran had active service from April 1990 to September 1992.

This matter comes before the Board of Veterans' Appeals (Board) from a March 2013 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Paul, Minnesota which granted service connection for PTSD with major depressive disorder and assigned an initial rating of 50 percent, effective June 19, 2012. The Board has since granted a higher evaluation of 70 percent for the Veteran's PTSD with major depressive disorder.

When this case was most recently before the Board in September 2014, it was decided in part and remanded for further development. It is now before the Board for further appellate action. In this Board decision, the Board found that the issue of entitlement to TDIU was raised by the record, and, therefore, was before the Board. See Rice v. Shinseki, 22 Vet. App. 447 (2009). The Board remanded the issue of TDIU for further development. 

The Board has not only reviewed the Veteran's physical claims file but also the electronic records maintained in Virtual VA and Veterans Benefits Management System (VBMS) to ensure consideration of the totality of the evidence.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran claims to be unemployable due to her service-connected disabilities. The Veteran provided a private examination and opinion dated in July 2013. The July 2013 examiner opined that the Veteran struggles and cannot endure the stress from a full time competitive work environment and cannot be expected to engage in gainful activity secondary to her severe level of impairment from PTSD, fibromyalgia and chronic knee pain. Since this time, a May 2014 VA examination notes that the Veteran and her VA therapist reached a mutual decision to terminate her psychiatric treatment. See December 2014 VA examination at page 9. This evidence appears to suggest that her symptoms may have improved. 

Furthermore, the Veteran recently received a VA examination for PTSD in December 2014. Although the examiner provided a very thorough examination and opinion, the examiner preceded to provide an opinion regarding TDIU that only discussed the impact of the Veteran's PTSD diagnosis, even though she has been service-connected for PTSD and major depressive disorder. For these reasons, the Board finds that an addendum opinion is needed with an opinion that addresses the Veteran's functional limitations due to her service-connected PTSD and major depressive disorder as they may relate to her ability to function in a work setting and to perform work tasks. 

The Board also notes that the Veteran is also service-connected for fibromyalgia and chondromalacia of her right knee. These disabilities have not been evaluated for several years (since 2010 and 2011). A new VA examination should be provided for these disabilities and an opinion obtained as to her ability to function in a work setting and to perform work tasks. 

In her December 2014 claim, the Veteran reported working 10 hours per week. She also worked as a notary one hour a week. She reported currently earning about $600 a month. During the December 2014 examination, she reported that she worked two days a week. The Board finds that financial information documenting her income and hours worked would be of assistance to the adjudication of her claim before ascertaining whether the criteria of 38 C.F.R. § 4.16(a) truly are met. 

All VA treatment records not already associated with the claims file should be obtained. 

Accordingly, the case is REMANDED for the following action:

1. Obtain VA treatment records since June 2010 for all service-connected disabilities and associate them with the claims file.

2. Request copies of financial information showing the amount of hours the Veteran currently works and earns for the family company. 

3. After item #1 has been completed, return the claims file to the provider who conducted the December 2014 PTSD examination, if available, for an addendum opinion. The examiner should be requested to review the file and the examination report. Upon completion of that review, the examiner should provide an opinion regarding the functional impairment of all of the Veteran's service-connected disabilities (as listed in the October 2014 rating decision) with regard to her employment. In proffering an opinion, the examiner should review the paper and electronic claims file (or copies of the relevant evidence should be made available to him), and address the Veteran's functional limitations due to her service-connected psychiatric disabilities, jointly, as they may relate to her ability to function in a work setting and to perform work tasks. The examiner must specifically take into consideration the Veteran's level of education, special training, and previous work experience, but not her age or any impairment caused by nonservice-connected disabilities.

A discussion of the complete rationale for all opinions expressed should be included in the examination report.

An examination should only be provided to the Veteran if the examiner feels that another examination is necessary in order to provide the requested opinion. If the December 2014 VA examiner is not available, another competent professional may provide the opinion after reviewing the December 2014 examination report and the claims file. 

4. Upon completion of the examination and addendum ordered above, review the examination report to ensure that they address the questions presented. Any inadequacies should be addressed prior to recertification to the Board.

5. Readjudicate the Veteran's claim, with application of all appropriate laws, regulations, and case law, and consideration of any additional information obtained as a result of this remand. If the decision remains adverse to the Veteran, she and her attorney should be furnished a supplemental statement of the case and afforded an appropriate period of time within which to respond thereto.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
A. C. MACKENZIE
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).